UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRIAN C. GEARY,<br><br>                       Plaintiff,<br>v.<br><br>UNIVERSITY OF WISCONSIN-MILWAUKEE<br>DEPARTMENT OF PHILOSOPHY,<br>UNIVERSITY OF WISCONSIN-MILWAUKEE<br>GRADUATE SCHOOL,<br>PROFESSOR SUSAN HAHN, and<br>PROFESSOR RICHARD TIERNEY,<br><br>                       Defendants. | Case No. 12-CV-518-JPS<br><br><br><br>ORDER |

1.     BACKGROUND

Plaintiff Brian Geary ("Geary"), proceeding *pro se*, brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, for unlawful discrimination on account of a disability, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, for denial of a reasonable accommodation of a disability, against Defendants University of Wisconsin-Milwaukee Department of Philosophy ("UWM Philosophy Department"), University of Wisconsin-Milwaukee Graduate School ("UWM Graduate School"), Professor Susan Hahn ("Professor Hahn"), and Professor Richard Tierney ("Professor Tierney"). (Docket #1). The defendants move to dismiss Geary's complaint on grounds that it is, *inter alia*, untimely. (Docket #12).

2.     APPLICABLE LAW

    2.1     Statute of Limitations Affirmative Defense and Motion to Dismiss

"A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and

defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

### 2.2 Dismissal for Failure to State a Claim

To state a claim under the federal pleading standards, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[1] *Iqbal,* 556 U.S. at 678.

### 2.3 Attached Documents

> As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint. Rule 10(c) provides, however, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R.

---

[1] The Court is also guided by the Seventh Circuit's synthesis of the teachings of these cases:

> "So, what do we take away from *Twombly, Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

> Civ. P. 10(c). [The Seventh Circuit's] precedent makes clear that this rule includes a limited class of attachments to Rule 12(b)(6) motions. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss."

*Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 662 (7th Cir. 2002) (citation omitted).

    2.4       Relevant Statute of Limitation and Application Thereof

The relevant statute of limitation for ADA and Rehabilitation Act claims is the forum state's limitations period for personal injury claims; that time period is six years in Wisconsin. *Soignier v. American Bd. Of Plastic* Surgery, 92 F.3d 547, 550 (7th Cir. 1996); *Conley v. Village of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000); WIS. STAT. § 893.53.

"[D]iscovery of the original act of discrimination, *not* future confirmation of the injury or determination that the injury is unlawful, is when the statute of limitations begins to run." *Soignier,* 92 F.3d at 551. In other words, "[t]ime starts to run with 'the *discriminatory act*, not the point at which the *consequences* of the act become painful.'" *Lever v. Northwestern University,* 979 F.2d 552, 553 (7th Cir. 1992). The limitations period is not tolled during an internal appeal. *Soignier*, 92 F.3d at 553.

3.      FACTUAL BACKGROUND

As a graduate student at the University of Pennsylvania, Geary was hospitalized and diagnosed with schizophrenia. (Pl.'s Compl. 3). Between February 1999 and August 2002, Geary "was a psychiatric and psychotherapeutic outpatient at Penn Behavioral Health of the [Hospital of the University of Pennsylvania]." (*Id.*). Then, in September of 2002, following

admission to the Masters of Philosophy program at the University of Wisconsin-Milwaukee ("UWM"), Geary matriculated at UWM.

"Between the Fall Semester 2002 and Spring Semester 2005, [he] was granted and completed a total of six (6) Incomplete (I) grades in order to finish required term papers" and "[a]t no point did a faculty member express reservations about either giving [him] an 'I' grade or the time it took [him] to complete the required coursework." (*Id.*).

By November 2005, Geary was diagnosed by Froedert Hospital with Obsessive Compulsive Personality Disorder ("OCD"). (*Id.*). This diagnosis was confirmed in March 2006 by the UWM Department of Psychology. (*Id.*). "On April 19, 2006, [he] obtained a Verified Individual Services and Accommodations (VISA) form from the UWM Student Accessibility Center (SAC)." (*Id.*).

In the Spring Semester of 2006, Geary enrolled in "PHIL 532, Kant's Aesthetic Theory," a class taught by Professor Hahn. (*Id.*). Geary engaged fully in the class by taking "thorough lecture notes" and "complet[ing] all of the assigned readings" although, "similar to past semesters, [he] was not able to complete the assigned papers by their due dates." (*Id.* at 3-4).

On May 9, 2006, Geary wrote to Professor Hahn requesting a grade of "Incomplete" so that he could complete the assigned papers. (*Id.* at 4). Professor Hahn "denied [Geary's] request for an Incomplete" and he received an "F" grade for the course. (*Id.*).

Geary's "Stage 1 appeal" to Professor Hahn of her denial of an "Incomplete" was denied on June 2, 2006. (*Id.*). Geary's "Stage 2 appeal" to UWM Philosophy Department was filed June 20, 2006, and denied on July 24, 2006. (*Id.*). A "Stage 3 appeal" to UWM Graduate School was filed by Geary on August 2, 2006, and denied by the Acting Dean on September 19, 2006. (*Id.*

at 5). Finally, on February 12, 2007, Geary tendered a draft of his thesis to Professor Tierney and on the same day received "an e-mail from Professor Tierney stating that he was unable to accept any work from [Geary] until [Geary] had resolved the issue of [his] status." (*Id.*). Nearly two months after the Tierney e-mail (the "Tierney Denial"), Geary filed paperwork on April 9, 2007, "for a Retroactive Withdrawal from PHIL 532." (*Id.*). This request was denied on May 10, 2007 (the "Retroactive Withdrawal Denial") although this denial did not provide a written response to each issue Geary raised and did not state the rationale for the program's recommendation. (*Id.*).

4. DISCUSSION

The defendants move to dismiss Geary's complaint on, *inter alia*, statute-of-limitations grounds. (Docket #12). Geary "does not take issue with the application of Wisconsin's six-year statute of limitations on personal injury and the fact that this statute is applied from the date that the plaintiff discovers the act of discrimination." (Pl.'s Resp. to Defs.' Mot. to Dismiss ("Pl.'s Resp.") 3). Rather, the parties dispute when the six-year period began to run.

Geary claims that Professor Hahn denied him a reasonable accommodation of his schizophrenia and obsessive-compulsive disabilities in PHIL 532 by denying his request for a grade of "Incomplete" paired with leave to submit the course papers beyond the semester's end (the "I-Grade Denial"). (Pl.'s Compl. 3).

The I-Grade Denial occurred on May 9, 2006. (Docket #15-1, 9).[2] Geary's complaint was filed on May 23, 2012. (Docket #1). Therefore, Geary's complaint was filed after the applicable six-year period of limitations had run, *Soignier*, 92 F.3d at 550; *Conley*, 215 F.3d at 710 n.5; WIS. STAT. § 893.53, and the Court is obliged to grant the defendants' motion to dismiss Geary's complaint as untimely, *Independent Trust Corp*, 665 F.3d at 935.

In opposition to dismissal on statute-of-limitations grounds, Geary makes arguments addressed in turn below.

First, Geary contends that the discriminatory act to be discovered is the submission of a grade of "F" for PHIL 532 on May 24, 2006. But this argument is specious because it ignores the root of his claim: the I-Grade Denial. The I-Grade Denial is clearly evidenced by the Hahn E-Mail (dated May 9, 2006). The Hahn E-Mail is properly considered by the Court in the context of the defendants' motion to dismiss. *See Rosenblum*, 299 F.3d at 662

---

[2] In his complaint, Geary did not explicitly state the date of the I-Grade Denial. (Pl.'s Compl. 4). Defendants asserted in their motion to dismiss that the I-Grade Denial occurred on May 9, 2006. (Docket #12, 8). Geary, in response to the Defendants' motion to dismiss, attached an e-mail chain dated May 9, 2006, to his opposition brief. (Docket #15-1, 9). This e-mail chain contains one e-mail from Geary to Professor Hahn ("Geary's E-Mail") and one response from Professor Hahn to Geary ("Hahn's E-Mail").

Geary's E-Mail requests a grade of "Incomplete" for PHIL 532 paired with leave to submit the course papers beyond the semester's end. Hahn's E-Mail replies by saying:

> I've discussed this matter with the chair, Margaret Atherton, and have decided you can have a two week extension: Your second paper is due May 24th - no exceptions beyond this date. And no comments on your second paper at this point- it's too late. Once I get your work by May 24th, I'll submit your grade. If I don't get your second paper by the (extended) deadline I'll submit an F. I hope this is clear. – Prof Hahn

Case 2:12-cv-00518-JPS   Filed 12/04/12   Page 6 of 7   Document 16

(7th Cir. 2002). Also, to the extent that Geary claims that his PHIL 532 grade of "F" itself reflects discriminatory treatment, that grade was determined in the I-Grade Denial (e.g., "If I don't get your second paper by the (extended) deadline I'll submit an F." (Hahn E-Mail)), so again, the discriminatory act (if there was one) occurred on May 9, 2006 (the date of the Hahn E-Mail).

Second, Geary attempts to frame the Tierney Denial and the Retroactive Withdrawal Denial as separate acts of discrimination. (Pl.'s Resp. 8-10). This gloss is unavailing – the Tierney Denial and the Retroactive Withdrawal Denial are only reasonably construed as additional steps in the course of his internal appeal of the I-Grade Denial or collateral consequences of the I-Grade Denial. Given that the limitations period is not tolled during an internal appeal, *Soignier*, 92 F.3d at 553, and the "[t]ime starts to run with 'the *discriminatory act*, not the point at which the *consequences* of the act become painful.'" *Lever*, 979 F.2d at 553, the Court is obliged to and will dismiss Geary's complaint as untimely.

Accordingly,

IT IS ORDERED that the defendants' "Motion to Dismiss"(Docket #11) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that the plaintiff's complaint (Docket #1) be and the same is hereby DISMISSED with prejudice.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge